Volterra, J.
The parties, RHL Realty Trust, through its present trustee Stephen M. Winnick (the plaintiff) and Rosedale Real Estate Trust (the defendant) have agreed to submit the narrow dispute of the interpretation of the collection clause in the note which was executed between them to me. They stipulate that this is an issue of contract construction which is a matter of law for me to determine.
FINDINGS
On October 8, 1982 the Rosedale Realty Trust was the named payee of the promissory note in issue. The maker was RHL Realty Trust by its then trustee Elliott S. Topkins.
The note contained the following provision:
The maker further agrees that if this note is placed in the hands of an attorney for collection or if this debt or any part thereof is collected by an attorney or by legal proceedings of any kind a reasonable attorneys fee and all reasonable costs and expenses incident upon such collection shall be added to the amount due upon this Note and be collectible as a part thereof.
Additionally the third mortgage which secured the $75,000.00 promissory note carried the following provision:
In addition, the Mortgagor agrees to reimburse the mortgagee for any and all expenses, including reasonable attorney’s fees, which the mortgagee may incur in the enforcement or protection of its rights under this mortgage or under an note secured hereby.
It is an important fact that swirling around these parties was litigation involving pollution eradication (2 IE) on the tract of land which the defendant had sold to the plaintiff. The site had been used as a commercial location for the distribution of heating oil. It was discovered in 1986 that the site was contaminated with petroleum distillates which had been spilled onto the soil from 1930 until January 1, 1967 when Pickering-Old Colony, Inc., left the site.
The Rosedale defendants conducted a metal fabricating business on the site from 1966 until 1978. In 1982 the defendants sold the site to the plaintiff. In conjunction with the sale Rosedale agreed to take back a $75,000.00 note secured by a third mortgage. The mortgage was to be for five years, with only interest being payable monthly. The principal of $75,000.00 was to be paid in a balloon payment when the note matured. In September of 1987, plaintiff, who allegedly discovered the contamination in the spring of 1987, notified the defendants that it would refuse to honor its note, alleging claims arising from the oil contamination, including misrepresentations concerning the condition of the site; a G.L.c. 93A, §11 claim for unfair and deceptive acts and practices: and claims of liability pursuant to G.L.c. 2 IE.
The Rosedale defendants counter-attacked by bringing an action to foreclose the mortgage in the Land Court. The Superior Court (McHugh, J.) issued a preliminary injunction staying the foreclosure proceeding, conditioned on the filing of a bond for the full amount of the note, $75,000.00. The injunction stayed in effect until June of 1992 when it was vacated due to the plaintiffs request for a trial continuance.
The Rosedale defendants then recommenced the foreclosure proceeding in July 1992. To prevent foreclosure, the plaintiff agreed to pay the $75,000.00 note and accrued interest in the sum of $103,000.00. The Rosedale defendants then pressed to recover all its attorneys fees and costs in the litigation surrounding the plaintiffs G.L.c. 2 IE action, and not just the fees *452 and costs incurred in the enforcement of the note and mortgage. Plaintiff disputed that it was obliged to pay such fees and costs, admitting to only those fees and costs expended to actually collect on the note and mortgage. On August 11, 1993 McHugh, J. ordered that Rosedale accept the payment of $75,000.00 on the note, and the payment of $103,000.00 interest in satisfaction of the debt, and that the Rosedale defendants furnish a mortgage discharge. Judge McHugh preserved the issue of attorneys fees and costs pending the completion of the G.L.c. 2IE litigation and granted an attachment to the Rosedale defendants in the amount of $100,000.00 to secure the potential obligation by the plaintiff to pay attorneys fees and costs pursuant to the collection clause in the note.
The Supreme Judicial court has recently addressed the issue of strict liability in respect to oil contamination pursuant to G.L.c. 2IE. Griffith v. New England Telephone & Telegraph Co., 414 Mass. 824, 826-30 (1993). Following the teaching of this case the Rosedale defendants have a complete defense to the claims brought pursuant to G.L.c. 2 IE by the plaintiff.
Pursuant to Griffith only present owners of the site are strictly liable where there has been a release of oil or hazardous material from the site, regardless of when the release itself occurred. G.L.c. 21E, §2.
No clause of G.L.c. 21E, §5(a) (1990 ed.) vests liability upon the Rosedale defendants for the release of petroleum contamination at the site. This is particularly so because there is no evidence from any source that would warrant a finding that the Rosedale defendants as past owners or occupiers caused or were legally responsible for a release which caused the contamination. G.L.c. 21E, §5(a)(5).
The Rosedale defendants were thus made to defend the 2IE claim brought by the plaintiff in order to collect on the note.
Thus, the plaintiff forced the Rosedale defendants to expend a lawyer’s time and incur costs to defeat defenses to the note and mortgage based on G. L. c. 21E and based on fraud, deceit and misrepresentation. It was only after a protracted, exhaustive and expensive legal battle that the Rosedale defendants were able to recover the face value of the note and accumulated interest.
CONCLUSIONS OF LAW
The fact pattern of this case and the factual underpinnings of Penny v. First National Bank of Boston, 385 Mass. 715, 723 (1982), are virtually the same. In Penny the defendant bank was required to defend claims of wrongful repossession; c. 93A claims, as well as claims that the bank inadequately maintained the collateral (a lobster boat); and that the bank failed to sell the vessel in a commercially reasonable manner.
The legal fees and costs expended by the Rosedale defendants in this case were essential in defeating defenses that stood in the way of collecting on the note. They are the correlative equivalent of the defenses the bank in Penny faced when it seized and sold the lobster boat.
As Justice O’Connor taught in Penny,
Defense of Penny’s claims was therefore essential to collection on the notes, and the attorney’s fees incurred for that defense were incurred by the bank in enforcing the notes. [The] fees were required to withstand attack upon the repossession and sale of the boat, which were an integral part of the collection process.
There as here, “they were expenses of the collection process and so were within the fee provisions of the note.” Id. 723.
ORDER
Unless the parties agree to settle their differences over the amount of attorneys fees and costs, the defendant is to request a hearing for the purpose of assessing the reasonableness of attorneys fees and costs which may include all fees and costs expended in collecting on the note and in the legal countermeasures made necessary by the plaintiffs defenses.